UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | CRIM. NOS. 2:17-CR-52-DBH-03 |
| v. ) | AND 1:17-CR-94-DBH |
| ) | |
| RICHARD SYLVESTER, ) | |
| ) | |
| DEFENDANT ) | |

**DECISION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE**

I sentenced Richard Sylvester on October 30, 2019, to two concurrent prison terms—30 months in 2:17-CR-52-DBH-03 for conspiracy to traffic narcotics (ECF No. 235), and 72 months in 1:17-CR-94-DBH for a later possession with intent to distribute narcotics and possessing a firearm in furtherance of a drug trafficking crime (ECF No. 135). Sylvester self-reported to prison on January 15, 2020. (ECF Nos. 242, 243).

Under a plea agreement, Sylvester waived his right to appeal the shorter sentence (2:17-CR-52-03). Pursuant to a conditional plea on the crime underlying the longer sentence (1:17-CR-94), he appealed my ruling there that denied his motion to suppress. That appeal is now pending before the First Circuit. No. 19-2127 (1st Cir.) (case argued Feb. 1, 2021).

Sylvester is currently imprisoned at USP Canaan with a projected release date of September 26, 2024. The current COVID-19 conditions there are 4 inmates and 8 staff positive with the virus, and 282 inmates and 52 staff who

have recovered.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Feb. 9, 2021), https://www.bop.gov/coronavirus/.

Sylvester seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government concedes that he has waited the mandatory 30 days after requesting relief from the Warden.  Gov't's Resp. at 12 n.7 (ECF No. 153).  But the government argues that I have no jurisdiction in light of the pending appeal (though it concedes I may issue an "indicative ruling" under Fed. R. Crim. P. 37(a)(3)).  Id. at 12-15.  Sylvester argues that I do have jurisdiction or at least that I can issue an "indicative ruling."  Def.'s Reply at 2 (ECF No. 158).  I decline to issue an indicative ruling and instead **DENY** the motion under Rule 37(a)(2) for the reasons that follow.

With respect to the merits of a compassionate release motion, the Second, Fourth, Sixth, and Seventh Circuits have ruled that Guideline policy statement 1B1.13, which preceded Congress's First Step Act amendment of section 3582, applies only to motions brought by the Director of the Bureau of Prisons (which before the amendment had exclusive power to bring such motions).  Those Circuits have ruled that by its clear language the policy statement does *not* apply to defendants' motions for relief, and that on defendant's motions, nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020); accord United States v. McCoy, 981 F.3d 271, 281-83 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108-11 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). Only the Eleventh Circuit seems

2

to disagree.  See United States v. Monaco, 832 F. App'x 626, 628-29 (11th Cir. 2020) (per curiam) (applying 1B1.13 without analyzing the issue).[1]  I proceed therefore to assess whether Sylvester has presented "extraordinary and compelling reasons" for me to order his early release.

Sylvester does have medical conditions, two of which (Wolff-Parkinson-White syndrome[2] and sleep apnea) were known when I sentenced him.  PSR ¶¶ 67-68.  A third, pancreatitis, developed after sentencing but before he self-reported to prison.  (ECF No. 242).  Although Sylvester is understandably concerned about his medical conditions under the COVID-19 threat, none of his conditions is listed by CDC as creating a greater risk of severe illness from COVID-19.  People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).  Sylvester refers to emerging research on such a relationship, Def.'s Mot. at 19-21, but the CDC has not changed its guidelines.  Even if the relationship is established and meets the "extraordinary and compelling reasons" standard of 18 U.S.C. § 3582(c)(1)(A), I decline to grant Sylvester compassionate release for the reasons that follow.

Seriousness of medical conditions is not the end of the analysis in determining whether a motion for compassionate release should be granted.

---

[1] The Fifth Circuit applied the Guideline policy statement in United States v. Bell, 823 F. App'x 283, 284 (5th Cir. 2020) (per curiam), but later announced that it was "an open question" whether the policy statement applies, United States v. Gowdy, 832 F. App'x 325, 327 & n.4 (5th Cir. 2020).  The First Circuit has not addressed the issue directly, but it did recognize the use of other factors in United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines") aff'g No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).
[2] Often called WPW, a congenital heart rhythm problem.  Sylvester says he has had more frequent bouts of arrhythmia in prison.  Def.'s Mot. at 18.

According to the statute, I must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). I find the following factors from the statute to be most pertinent here: "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

Sylvester points out that at sentencing I complimented him for what he had done to rehabilitate himself over the preceding couple of years, Def.'s Mot. at 25, 27, and called him a "changed man," id. at 27, and argues that he is no longer a danger to the public. But I made those comments in the context of imposing a 72-month sentence, a sentence that I concluded met the section 3553(a) factors. At the traffic stop[3] that resulted in his indictment in 1:17-CR-94, Sylvester possessed over 80 grams of packaged cocaine, 20 grams of methamphetamine, 2 grams of heroin, drug ledgers and drug paraphernalia, almost $3,000 in cash, a knife, brass knuckles, a loaded handgun, and a loaded magazine. PSR ¶¶ 20-21. This was a dangerous crime that called for significant punishment.

As of now Sylvester has served about 30% of his full term. Gov't's Resp. at 3. I congratulate Sylvester for his apparently continued self-improvement in prison, but it would trivialize his crime to reduce his sentence now to time served.

---

[3] Now the subject of the appeal.

I **DENY** Sylvester's motion for compassionate release under Fed. R. Crim. P. 37(a)(2).

**SO ORDERED.**

**DATED THIS 10TH DAY OF FEBRUARY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5